### WILSON JERUE v. THE STATE.

#### No. 104.   Decided November 3, 1909.

**1.—Local Option—Plea of Former Acquittal.**

On trial of a violation of the local option law, where the defendant interposed a plea of former acquittal, which failed to allege that the offense for which the defendant was then prosecuted was one and the same transaction, accusation and offense as that for which he had been theretofore legally acquitted, the same was fatally defective. Following Williams v. State, 13 Texas Crim. App., 285, and other cases.

**2.—Same—Different Transactions—Plea in Bar.**

Where, upon trial for a violation of the local option law, the evidence showed that the defendant on the same day sold two bottles of whisky, one in the morning and one in the evening; the defendant selling one bottle and his agent the other bottle, they were different sales and transactions, and different offenses, and could not be pleaded in bar of each other.

**3.—Same—Local Option Election—Validity—Contest.**

Since the passage of the Act of the Thirtieth Legislature in respect to contests of local option elections, and the presumption of validity in the absence of such contest, the question of the invalidity of such an election is no longer available.

Appeal from the County Court of Tyler.   Tried below before the Hon. A. G. Reid.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and thirty days confinement in the county jail.

The opinion states the case.

*V. A. Collins* and *J. A. Mooney,* for appellant.—Defendant's plea a former acquittal fairly raised the issue, and it was not excepted to as being legally insufficient, and further without objection defendant introduced the entire record of the former trial which he alleged was for the same offense as he had been formerly acquitted; also the State attempted to rebut the evidence by the evidence of Jack Reid, that the two offenses were not the same.   Grisham v. State, 19 Texas Crim. App., 504; Quitzow v. State, 1 Texas Crim. App., 47; Towner v. Sayre, 4 Texas, 28.

*F. J. McCord,* Assistant Attorney-General, for the State.—Cited cases in opinion.

RAMSEY, Judge.—Appellant was convicted in the County Court of Tyler County on a charge for selling intoxicating liquors in violation of the local option law, and his punishment assessed at a fine of $50 and thirty days imprisonment in the county jail.

1. In addition to his plea of not guilty, appellant interposed a plea of former acquittal substantially in these words:

"At a former term of this Honorable Court: at the December term, 1908, and on —— day of December, 1908, he was arraigned before this Honorable Court in cause No. 1049, and pleaded in said cause, whereupon a jury was empaneled who after hearing all the evidence, the argument of counsel, and the charge of the court, retired to consider of their verdict, and after due deliberation the said jury returned into open court the following verdict: 'We, the jury, find the defendant, Wilson Jerue, not guilty.'

"That said cause No. 1049 is identical in every particular, word for word and letter for letter with No. 1050, the cause in which he is now called upon to plead. That by the aforesaid verdict this defendant was acquitted of the same charge, and the judgment of the court was rendered accordingly, and he having been formerly put in jeopardy on this identical charge the State cannot by drawing a duplicity of complaints force this defendant to plead again to the same charge.

"As evidence of the grounds of this motion this defendant attaches hereto the affidavit and information in cause No. 1049 marked 'Exhibit A,' and the affidavit in cause No. 1050, marked 'Exhibit B,' and the verdict of the jury marked 'Exhibit C,' and all made a part hereof."

This plea was not submitted to the jury, and the principal question raised on the appeal is to the failure of the court to submit this plea under the proof made in the case. The form of plea here interposed is wholly at variance with the form laid down in White's Annotated Code of Criminal Procedure, see section 546, under article 561. It is fatally defective, we think, in that it does not allege that the *offense* for which appellant is now being prosecuted was one and the same transaction, accusation, and offense as that for which he has been heretofore legally acquitted. The rule is elementary that to be good, a plea of former acquittal must aver, first, the former indictment and acquittal; second, the identity of the person acquitted and the offense of which he was acquitted. Williams v. State, 13 Texas Crim. App., 285; Quitzow v. State, 1 Texas Crim. App., 47; Hefner v. State, 16 Texas Crim. App., 573; Foster v. State, 25 Texas Crim. App., 543. And such a plea, to be good, must show that the former trial was for the same offense as that upon which the new prosecu-

tion is had.  Boggess v. State, 43 Texas, 347.  And that the plea is only available where the transactions are identical; where the two indictments are susceptible of and must be sustained by the same proof.  Parchman v. State, 2 Texas Crim. App., 228, and Thomas v. State, 40 Texas, 36.  It will be observed that in the plea here the only positive averment is that the affidavits and informations in the two causes Nos. 1049 and 1050 are identical in every particular, word for word and letter for letter.  The conclusion is thereafter averred that by the former verdict appellant had been acquitted of the same charge.  It is not in terms averred that the transactions were indeed and in truth the same offense.  The State is not committed absolutely to any date named in the information, but may convict for any period of time within the statute of limitation.  Therefore, there could. easily have been a hundred complaints filed against this appellant for a sale to the same man, representing in truth different transactions, but all averring the same date, and it could not be seriously contended that an acquittal of one would operate as a bar to the others.  This could only be true where in deed and in truth appellant had been once acquitted of the same identical transaction for which in a later case he was sought to be convicted.  Nor is appellant in any better condition if we look to the evidence.  The statement of facts discloses that two sales were made to the witness Reed on the 29th day of August, 1908; that on this day he bought two bottles of whisky from appellant, one in the morning and one in the evening. The one purchased in the morning, if the testimony is to be believed, he obtained from the appellant through John Rotan, and the one in the evening he got from appellant in person, and for which he paid him the money, and the record shows that the acquittal was the transaction in which Rotan figured.  This testimony conclusively shows that the information in the two cases were different and distinct offenses, were not identical, and did not grow out of the same transaction, and under this state of the proof the court did not err in failing to submit this issue to the jury.  Morton v. State, 37 Texas Crim. Rep., 131; Kain v. State, 16 Texas Crim. App., 282; Fehr v. State, 36 Texas Crim. Rep., 93.

2.  The other question relates to the supposed invalidity of the local option election under which appellant was sought to be held, for the reason, in substance, that the notice of the election was not completed and published in the manner required by law.  Since the passage of the Act of the Thirtieth Legislature, in respect to contests of local option elections and the presumption of validity, in the absence of such contest, this point is no longer available to appellant.

Finding no error in the record, the judgment is hereby in all things affirmed.

*Affirmed.*

[Rehearing denied December 22, 1909.—Reporter.]