ROSS LYTLE V. THE STATE.

No. 18315.   Delivered May 27, 1936.
Rehearing Denied (Without Written Opinion) June 24, 1936.

28

The opinion states the case.

*Earl Shelton,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for being an accomplice to the offense of arson; punishment, two years in the penitentiary.

Appellant filed a motion to quash the indictment. Examining same we find that in one paragraph thereof it alleges that John Baker burned the house of H. V. Culp on July 30, 1935. The next paragraph of the indictment charges that this appellant, prior to said burning in Travis County, Texas, did unlawfully and wilfully advise, command and encourage the said Baker to commit the said offense, the said Ross Lytle not being present at the commission of the said offense by said Baker. The next paragraph of the indictment charges that H. V. Culp, prior to the commission of the offense by Baker, in the county and state aforesaid, did unlawfully and wilfully advise, command and encourage Baker to commit said offense, the said H. V. Culp not being present at its commission.

The record shows that when the case was called a request for severance was presented, and that it was agreed that this appellant should be put upon trial first. We find nothing in the authorities cited by appellant, in support of his motion to quash, upon which we could sustain ourselves in granting the motion. Only appellant was put upon trial, and as far as he is concerned the third paragraph of the indictment might be treated as surplusage inasmuch as the first and second para-

graphs sufficiently set out a legal charge against appellant. At most it would be a question of variance based upon the supposition that the evidence failed to show an acting together between the appellant and the party named in the third paragraph of the indictment. We think the trial court correct in overruling the motion.

Appellant filed a plea of autrefois acquit upon the ground that he had theretofore been acquitted upon an indictment charging that he was an accomplice with and aided and advised one Leverett to burn the house of Culp. The State demurred to appellant's plea, and its demurrer was sustained. We think no error was committed. We have reviewed all the decisions cited by appellant in his brief and others. Many of the cases cited by him discuss the law applicable to a plea of former conviction, and seem to have no application here. The case of Spannell v. State, 203 S. W., 357, is cited by appellant. We think same holds against him. In the concurring opinion of Judge Davidson in that case he quotes from Mr. Branch's Annotated P. C., the rule applicable to pleas of former acquittal, and the clarity of the legal statement and its application here is so evident that we again reproduce it:

"With reference to the plea of former acquittal found in Mr. Branch's Ann. P. C., p. 321, Sec. 632, he states the rule:

" 'If the case about to be tried is not based upon the identical indictment, information, or complaint upon which the former acquittal was had, the plea, to be sufficient, must set out the former indictment, information, or complaint and show the identity of the party acquitted and the identity of the two offenses alleged, so that the plea will show upon its face that the proof necessary to secure a legal conviction in the instant case would have sustained a legal conviction in the former and that the state is attempting to prosecute again for the same transaction. Boggess v. State, 43 Texas, 347; Williams v. State, 13 Tex. App., 288, 46 Am. Rep., 237; Jerue v. State, 57 Texas Crim. Rep., 215, 123 S. W., 414.'

"He further states in this connection:

" 'A plea of former acquittal is not good if the evidence necessary to support the second indictment, information, or complaint would not have been sufficient to sustain a legal conviction upon the first.' "

Judge Davidson also discusses the rule laid down in Simco v. State, 9 Texas App., 338, applicable to a case where one takes three head of cattle at the same time and place, and says that an acquittal of the theft of one could not be plead

in bar upon a trial for the taking of another, especially if the averment of ownership be different,—the legal proposition involved being that the two indictments could not be supported by the same testimony, which latter must be true in order to sustain a plea of former acquittal. It is manifest that one acquitted upon a charge of being an accomplice with) one Leverett, named as principal, could not legally plead this fact in bar of a prosecution for being an accomplice with one Baker, named as principal, the two indictments requiring different proof. This same proposition is laid down and sustained in Kellett v. State, 103 S. W., 883, and Barnes v. State, 185 S. W., 4, both of which are cited by appellant in his brief.

We have examined the remaining complaint made by appellant which appears to be that the court should have told the jury that the witness Casey was an accomplice. We do not think the exception taken to the court's charge because of its failure to so tell the jury should have been sustained.

The evidence seems ample to support the conclusion reached by the jury. Baker, the man who set fire to the house, testified fully to the fact that appellant induced him to burn the house, and that appellant was not present at the actual burning but had gotten out of the car down on Sixth Street a short time before Baker went to the premises and started the .fire. Other witnesses testified to statements and conversations showing appellant's complicity. Two witnesses testified that they carried him down to Elgin where Culp, the alleged owner of the burned property, lived, on the next day or second day after the fire in order that appellant might get from Culp the money which Culp had agreed to pay him, according to the testimony of the witnesses, and which Culp did then pay him.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*