Opinion issued March 16, 2006









In The
Court of Appeals
For The
First District of Texas




NO. 01–06–00222–CR




EX PARTE ANDREA PIA YATES, Appellant




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1058503




MEMORANDUM OPINIONThis is an appeal from the trial court’s denial of habeas corpus relief. See Tex.
R. App. P. 31; see also Abney v. United States, 431 U.S. 651, 97 S. Ct. 2034 (1977);
Ex parte Hargett, 819 S.W.2d 866 (Tex. Crim. App. 1991); Ex parte Robinson, 641
S.W.2d 552 (Tex. Crim. App. [Panel Op.] 1982). Appellant Andrea Pia Yates filed
her pretrial application for a writ of habeas corpus and requested the trial court to bar
her retrial on the indictments based on alleged prosecutorial misconduct that violates
the Double Jeopardy Clause. U.S. Const. amend. V. The trial court granted the writ
of habeas corpus, conducted an evidentiary hearing, made findings of fact and
conclusions of law, and rendered judgment denying the requested relief.
          Appellant’s issue on appeal is the trial court abused its discretion in denying
the requested relief. Appellant concedes that she did not argue prosecutorial
misconduct in her first appeal to this Court, in which we reversed the convictions for
murder and remanded for further proceedings. See Yates v. State, 171 S.W.3d 215,
220 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d).


 Instead, appellant relies on
new evidence of alleged prosecutorial misconduct presented at the habeas corpus
hearing. The trial court made findings of fact and conclusions of law, which are
attached to this opinion as an appendix.
          The facts concerning the appellant’s original trial are well known and recited
in this Court’s prior opinion. Id. at 216–20. The facts about the current habeas
corpus proceedings are summarized in the appendix. Appellant specifically
challenges findings of fact 22, 27, and 34, so we will discuss them individually. 
Appellant acknowledges that in reviewing the trial court’s decision to deny the
requested relief, this Court must afford almost total deference to the trial court’s
determination of the historical facts supported by the record. Ex parte Peterson, 117
S.W.3d 804, 819 (Tex. Crim. App. 2003).
          First, appellant challenges finding of fact 22: “At the motion for mistrial
hearing on March 15, 2002, Applicant did not complain that there had been any
prosecutorial misconduct. The trial court denied Applicant’s motion for mistrial.” 
Appellant claims the trial court should have noted that appellant was unaware of the
evidence that was later developed during the habeas corpus proceeding, so she could
not have complained at the earlier trial. At best, appellant is merely contending that
the trial court’s finding is incomplete in light of later events.
          Second, appellant challenges finding of fact 27: “Sometime after April 18,
2002, [assistant district attorney] Joe Owmby telephoned Shauna Thornton to discuss
the subject of her email.” There was conflicting evidence presented at the habeas
corpus hearing concerning when Ms. Thornton sent her second e-mail to the district
attorney’s office and when Owmby contacted Thornton. The trial court found the
facts based on that evidence, and we must defer to that finding as it has support in the
record. See Peterson, 117 S.W.3d at 819.
          Third, appellant challenges finding of fact 34: “At the time of the final
arguments at the guilt-innocence stage of the Applicant’s trial, there was no reason
that Assistant District Attorneys Joe Owmby and Kaylynn Williford should have
known of the mistaken or false nature of that particular portion of Dr. Dietz’s
testimony.” Appellant has not successfully challenged the trial court’s findings to
demonstrate that the State had a reason to question the veracity of Dr. Dietz’s
testimony. Appellant instead argues the trial court made an “incorrect conclusion”
because the State had a legal duty to independently investigate Dr. Dietz’s
testimony—elicited in the first trial during cross-examination by appellant’s
attorney—concerning the “Law & Order” television show before the State (1) cross-examined appellant’s expert witness concerning whether appellant watched the show
and (2) mentioned the show during closing argument. Appellant cites Code of
Criminal Procedure article 2.01's admonition that “it shall be the primary duty of all
prosecuting attorneys . . . not to convict, but to see that justice is done.” Tex. Code
Crim. Proc. Ann. art. 2.01 (Vernon 2005). We, of course, agree with article 2.01's
admonition, but this does not translate into an affirmative duty by the State to
independently investigate a witness’s testimony before using that testimony when the
State has no reason to doubt the veracity of the statement. We are not aware of any
other authority that imposes this duty on the State, and appellant cites none.
          Because appellant has not demonstrated that the trial court abused its discretion
in finding there was no prosecutorial misconduct, we need not reach appellant’s
remaining arguments concerning how the alleged misconduct warrants barring the
State from proceeding with a retrial on the indictments based on violations of the
Double Jeopardy Clause.
          We affirm the trial court’s judgment.
 
 
 
                                                             Sam Nuchia
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Taft and Nuchia.
Publish. Tex. R. App. P. 47.2(b).