**In re Andrea Pia YATES, Relator.**

No. 01–06–00221–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 17, 2006.

George J. Parnham, Wendell Odom, Houston, for Appellant.

William J. Delmore III, Assistant District Attorney, Houston, for Appellee.

Panel consists of Chief Justice RADACK and Justices TAFT and NUCHIA.

## MEMORANDUM OPINION

PER CURIAM.

Relator Andrea Pia Yates filed a petition for a writ of prohibition requesting this Court to prohibit Judge Hill from proceeding to trial on March 20, 2006 on the pending indictments against relator while this Court considered Yates's appeal of the denial of habeas corpus relief.[1] The real party in interest is the State of Texas.

■ Unlike the Court of Criminal Appeals, which has broad constitutional power to issue writs of habeas corpus, mandamus, procedendo, prohibition, and certiorari, this Court's statutory general writ power is limited to "writs necessary to enforce the jurisdiction of the court." *Compare* TEX. CONST. art. V, § 5(c) (Court of Criminal Appeals writ power) *with* TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 2004) (court of appeals writ power). While other statutory provisions give this Court general power to issue writs of (1) mandamus against judges of district or county courts and (2) habeas corpus in civil cases, we do not have general power to issue writs of prohibition. *See* TEX. GOV'T CODE ANN. § 22.221(b), (d) (Vernon 2004); *Shelvin v. Lykos*, 741 S.W.2d 178, 181 (Tex. App.-Houston [1st Dist.] 1987, orig. proceeding).

■ Because this Court has actual jurisdiction over a related appeal, we have subject—matter jurisdiction to consider this original proceeding and to potentially issue a writ of prohibition requiring the trial judge to refrain from performing a future act. *See Lesikar v. Anthony*, 750 S.W.2d 338, 339 (Tex.App.-Houston [1st Dist.] 1988, orig. proceeding). We deny the petition, however, because on March 16, 2006 we affirmed the judgment in the related appeal.

1. The Honorable Belinda Hill, judge of the 230th District Court of Harris County, Texas. The underlying proceedings are *State v. Yates*, Nos. 880205 and 883590 (230th Dist. Ct., Harris County, Tex.). The habeas corpus proceeding is *Ex parte Yates*, No. 1058503 (230th Dist. Ct., Harris County, Tex. Mar. 1, 2006), *aff'd*, No. 01–06–00222–CR, 193 S.W.3d 149 (Tex.App.-Houston [1st Dist.] Mar. 16, 2006, no pet. h.).