IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00189-CR

 

Ex parte
Anthony Charles Graves

 

 



From the 21st District Court

Burleson County, Texas

Trial Court No. 11136-B

 



Opinion










 

        Graves appeals the habeas
court’s denial of relief on the merits of Graves’s pretrial writ of habeas
corpus in Graves’s prosecution for capital murder.  See Tex. Penal Code Ann. § 19.03(a) (Vernon Supp. 2007); Tex. Code Crim. Proc. Ann.
arts. 11.01, 11.06, 11.08 (Vernon 2005).  We affirm.

        In two issues, Graves contends
that the habeas court erred in denying Graves relief.  Graves’s first issue is
premised on double-jeopardy, and his second on speedy-trial grounds.

        “An appellate court reviewing
a trial court’s ruling on a habeas claim must review the record evidence in the
light most favorable to the trial court’s ruling and must uphold that ruling
absent an abuse of discretion.”  Kniatt v. State, 206 S.W.3d 657, 664
(Tex. Crim. App.), cert. denied, 127 S. Ct. 667 (2006); accord
Ex parte Dowdle, 165 Tex. Crim. 536, 539, 309 S.W.2d 458, 460 (1958).  “It
is the applicant’s obligation to provide a sufficient record that supports his
factual allegations with proof by a preponderance of the evidence.”  Ex
parte Chandler, 182 S.W.3d 350, 353 (Tex. Crim. App. 2005) (citing Ex
parte Thomas, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995)); accord Ex parte
Peterson, 117 S.W.3d 804, 818 (Tex. Crim. App. 2003) (double jeopardy); Ex
parte Adams, 768 S.W.2d 281, 287-88 (Tex. Crim. App. 1989); see Kniatt
at 664; Ex parte Morgan, 412 S.W.2d 657, 659 (Tex. Crim. App. 1967).

        On Graves’s statement of the
facts, his conviction was “tainted by recantations of the State’s so-called
‘star witness,’ which were never disclosed to Mr. Graves or his attorneys,
perjured testimony elicited by the prosecutor and many other egregious acts of
misconduct by the State.”[1]  (Br. at 3 (citing generally Graves v. Dretke,
442 F.3d 334 (5th Cir. 2006) (orig. proceeding)).)  The Fifth Circuit Court
of Appeals ordered the federal district court “to grant” Graves’s “writ of
habeas corpus unless the state proceeds to retry” Graves “within a reasonable
time.”  Dretke, 442 F.3d at 345.

        1.     Double Jeopardy.  In
Graves’s first issue, he contends that his “protection from double jeopardy
[is] infringed by a retrial for the same offense when the first conviction was
reversed on the basis of Brady [v. Maryland] for intentional
prosecutorial misconduct.”  (Br. at 3 (citing Brady v. Maryland, 373
U.S. 83 (1963)).)  

        Brady v. Maryland holds
that “the suppression by the prosecution of evidence favorable to an accused
upon request violates due process where the evidence is material either to
guilt or to punishment, irrespective of the good faith or bad faith of the
prosecution.”  Brady, 373 U.S. at 87; accord Banks v. Dretke, 540
 U.S. 668, 682 & n.5 (2004); Illinois v. Fisher, 540 U.S. 544, 547 (2004); see U.S. Const.
amend. XIV, § 1; Hayes v. State, 85 S.W.3d 809, 814-15 (Tex. Crim. App. 2002); Thomas v. State, 841 S.W.2d 399, 402 (Tex. Crim. App. 1992); Means
v. State, 429 S.W.2d 490, 494 (Tex. Crim. App. 1968).

        The Double Jeopardy Clause of
the United States Constitution provides: “No person . . . shall
. . . be subject for the same offense to be twice put in jeopardy of
life or limb . . . .”  U.S.
Const. amend. V.[2]  

        “[A] pretrial writ of habeas corpus
is usually the procedural vehicle by which a defendant should raise a
‘successive prosecution for the same offense’ double jeopardy claim” which, if
successful, would bar retrial.  Gonzalez v. State, 8 S.W.3d 640, 643 n.9
(Tex. Crim. App. 2000) (citing Ex parte Robinson, 641 S.W.2d 552, 553-56
(Tex. Crim. App. 1982)); see Ex parte Yates, 193 S.W.3d 149, 150 (Tex.
App.—Houston [1st Dist.] 2006, no pet.).

        “The Double Jeopardy Clause
embodies three protections: ‘It protects against a second prosecution for the
same offense after acquittal.  It protects against a second prosecution for the
same offense after conviction.  And it protects against multiple punishments
for the same offense.’”  Grady v. Corbin, 495 U.S. 508, 516 (1990), overruled
on other grounds, United States v. Dixon, 509 U.S. 688, 704 (1993) (Corbin
quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)); accord
Dep’t of Revenue v. Kurth Ranch, 511 U.S. 767, 769 n.1 (1994); Ludwig v.
Massachusetts, 427 U.S. 618, 631 (1976); Bigon v. State, 252 S.W.3d
360, 369 (Tex. Crim. App. 2008); Cervantes v. State, 815 S.W.2d 569, 572
(Tex. Crim. App. 1991). “The constitutional prohibition against ‘double
jeopardy’ was designed to protect an individual from being subjected to the
hazards of trial and possible conviction more than once for an alleged
offense.”  United States v. DiFrancesco, 449 U.S. 117, 127 (1980)
(quoting Green v. United States, 355 U.S. 184, 187 (1957)); see
Stephens, 806 S.W.2d at 816.  

[T]he State with all its resources and power
should not be allowed to make repeated attempts to convict an individual for an
alleged offense, thereby subjecting him to embarrassment, expense and ordeal
and compelling him to live in a continuing state of anxiety and insecurity, as
well as enhancing the possibility that even though innocent he may be found
guilty.

DiFrancesco at 127-28 (quoting Green at 187-88)
(alteration added).  “[T]he constitutional protection also embraces the
defendant’s ‘valued right to have his trial completed by a particular tribunal.’” 
 Id. at 128 (quoting Arizona v. Washington, 434 U.S. 497, 503 (1978)); accord Wade v. Hunter, 336 U.S. 684, 689 (1949); see Kennedy, 456
 U.S. at 682 n.6; Peterson, 117 S.W.3d at 810.

        Graves argues primarily under
the Texas Court of Criminal Appeals’s opinion in Ex parte Masonheimer.  See Ex parte Masonheimer, 220 S.W.3d 494 (Tex. Crim. App. 2007).  Masonheimer
is distinguishable.

        In Oregon v. Kennedy, the
Supreme Court held: “Only where the governmental conduct in question is
intended to ‘goad’ the defendant into moving for mistrial may a defendant raise
the bar of double jeopardy to a second trial after having succeeded in aborting
the first on his own motion.”  Kennedy, 456 U.S. at 676.  The Kennedy Court distinguishes prosecutorial misconduct on the standard of intent to
provoke a defense motion for mistrial from “a more generalized standard of ‘bad
faith conduct’ or ‘harassment’ on the part of the judge or prosecutor.”  Id. at 674.  Under Kennedy, the former bars retrial, the latter does
not.

        Masonheimer blurs Kennedy’s
distinction between cases where prosecutorial “conduct giving rise to the
successful motion for mistrial was intended to provoke [or goad] the defendant
into moving for mistrial” from that done “with the specific intent to avoid the
possibility of an acquittal.”  Masonheimer, 220 S.W.3d at 506,
507 (quoting Kennedy, 456 U.S. at 679) (alteration in Masonheimer). 
The Court of Criminal Appeals held, “Under Oregon v. Kentucky, this
deliberate conduct,” i.e., the “’intentional’ failure to disclose
exculpatory evidence,” “accompanied by this specific mens rea,” i.e.,
“the specific intent to avoid the possibility of an acquittal,” “bars a
retrial.”  Masonheimer at 507-508.  But Masonheimer maintains a
clear distinction between retrial after the granting of a motion for mistrial
and retrial after successful postconviction remedy.  Masonheimer’s
holding, as the Masonheimer Court notes, should be limited to
“the unique circumstances of th[e] case.”  Id. at 509.  Among those
circumstances was that the State had withheld exculpatory evidence in
Masonheimer’s first trial, and had done so again in his second.  Moreover, the
Court of Criminal Appeals noted that it was “required to view the evidence in
the light most favorable to the” habeas “court’s ruling that prosecuting”
Masonheimer “a third time” was “jeopardy-barred.”  Id. at 507. 
Here, the habeas court found that Graves was not entitled to relief, and we are
constrained to view the evidence in the light most favorable to that holding;
doing so, we do not believe that Graves has shown himself entitled to relief.

        Masonheimer, too,
although it holds that there is no distinction for double-jeopardy purposes
between cases resulting in mistrial where the prosecutor had the specific
intent to provoke the defendant to move for mistrial and cases where the
prosecutor merely generally intends to avoid acquittal, does not have any
bearing on cases other than those resulting in mistrial.  Masonheimer emphasizes
that Kennedy and its progeny bear only on defense-requested mistrials,
and not on postconviction reversals:

·       
There “is some force to the
argument that Oregon v. Kennedy protects a defendant from a retrial
after a defense-requested mistrial where prosecutorial misconduct [resulting in
the mistrial, not in reversal on appeal] is undertaken with the
intention of denying the defendant an opportunity to win an acquittal.” 
(citing United States v. Wallach, 979 F.2d 912, 915-16 (2d Cir. 1992))

·       
“Oregon v. Kennedy may
prohibit a retrial after a defense-requested mistrial [not a reversal on
appeal] resulting from State’s deliberate conduct prompted by a desire to
‘sabotage’ a probable acquittal.”  (quoting Hagez v. State, 749 A.2d
206, 228 (Md. Ct. Spec. App. 2000))

Masonheimer, 220 S.W.3d at 805 (bracketed material in Masonheimer)
(emphasis in Masonheimer); see Kennedy, 456 U.S. 667.

        Graves urges, too, that we
follow the courts of three federal circuits,[3] and ten other states, which, he argues,
interpreting their own state constitutions,[4] have held “barr[ed] a re-trial after a case has
been reversed on appeal because of intentional prosecutorial misconduct.”  (Br. at 15.)  The United States Supreme Court and Texas Court of Criminal Appeals, however,
have held to the contrary.  We follow the latter, binding, precedent, unless
and until it is overruled.  

        “It has long been settled
. . . that the Double Jeopardy Clause’s general prohibition against
successive prosecutions does not prevent the government from retrying a
defendant who succeeds in getting his first conviction set aside, through
direct appeal or collateral attack, because of some error in the proceedings
leading to conviction.”  Lockhart v. Nelson, 488 U.S. 33, 38 (1988)
(citing United States v. Ball, 163 U.S. 662 (1896); United States v.
Tateo, 377 U.S. 463 (1964)); accord Burks v. United States, 437 U.S.
1, 9 (1978); Kennedy, 456 U.S. at 676 n.6; Bryan v. United States, 338
U.S. 552, 560 (1950), overruled in part on other grounds, Burks, 437
U.S. 1; Francis v. Resweber, 329 U.S. 459, 462 (1947); Ex parte
Davis, 957 S.W.2d 9, 12 (Tex. Crim. App. 1997); Johnson v. State, 108
Tex. Crim. 499, 503, 1 S.W.2d 896, 897 (1927).  “[I]f
the first trial has ended in a conviction, the double jeopardy guarantee
‘imposes no limitations whatever upon the power to retry a defendant who
has succeeded in getting his first conviction set aside.’”[5]  DiFrancesco, 449 U.S. at 131 (quoting Pearce, 395 U.S. at 720) (emphasis in Pearce).    

        “The Double Jeopardy Clause . . . does
not offer a guarantee to the defendant that the State will vindicate its
societal interest in the enforcement of the criminal laws in one proceeding.”  Kennedy,
456 U.S. at 672 (citing United States v. Jorn, 400 U.S. 470, 483-84 (1971) (plurality op.); Wade v. Hunter, 336 U.S. 684, 689 (1949)); see
Peterson, 117 S.W.3d at 810-11.  “[T]o require a criminal defendant to
stand trial again after he has successfully invoked a statutory right of appeal
to upset his first conviction is not an act of governmental oppression which
the Double Jeopardy Clause was intended to protect.”  DiFrancesco, 449 U.S. at 131 (quoting United States v. Scott, 437 U.S. 82, 91 (1978)); see Ex parte
Granger, 850 S.W.2d 513, 517 (Tex. Crim. App. 1993).  “It would be a high
price indeed for society to pay were every accused granted immunity from
punishment because of any defect sufficient to constitute reversible error in
the proceedings leading to conviction.”  DiFrancesco at 131 (quoting Tateo,
377 U.S. at 466); see Ex parte Mitchell, 977 S.W.2d 575, 579 (Tex.
Crim. App. 1997).  

       Permitting retrial after a conviction has
been set aside also serves the interests of defendants, for “it is at least
doubtful that appellate courts would be as zealous as they are now in
protecting against the effects of improprieties at the trial or pretrial stage
if they knew that reversal of a conviction would put the accused irrevocably
beyond the reach of further prosecution.”

Lockhart, 488 U.S. at 39 (quoting Tateo, 377 U.S. at 466).

        Viewing the evidence in the
light most favorable to the habeas court’s order denying Graves relief, we hold
that the habeas court did not abuse its discretion in denying Graves relief on Graves’s double-jeopardy ground.  We overrule Graves’s first issue.

        2.     Speedy Trial.  In
Graves’s second issue, he contends that his “due process rights [are] violated
when he is re-tried fourteen years after the original trial, when the delay was
a result of intentional prosecutorial misconduct.”  (Br. at 3.)  

        We understand Graves’s complaint as an attempt to bring a speedy-trial claim.  But a speedy-trial claim
is not cognizable on a pretrial writ of habeas corpus.  “[A]n applicant may not
use a pretrial writ to assert his or her constitutional rights to a speedy
trial . . . .”  Ex parte Weise, 55 S.W.3d 617, 620
(Tex. Crim. App. 2001) (citing Ex parte Delbert, 582 S.W.2d 145, 146
(Tex. Crim. App. 1979); Ex parte Jones, 449 S.W.2d 59, 60 (Tex. Crim.
App. 1970)); accord Ex parte Lamar, 184 S.W.3d 322, 323-24 (Tex.
App.—Fort Worth 2005, pet ref’d) (plurality op.); Ex parte Burgett, 850
S.W.2d 267, 268 (Tex. App.—Fort Worth 1993, no pet.).  “Habeas corpus is an
extraordinary remedy and is available only when there is no other adequate
remedy at law.”  Ex parte Cruzata, 220 S.W.3d 518, 520 (Tex. Crim. App.
2007) (citing Ex parte Townsend, 137 S.W.3d 79, 81 (Tex. Crim. App.
2004)); accord Ex parte Groves, 571 S.W.2d 888, 890 (Tex. Crim. App.
1978); Ex parte Windsor, 78 S.W. 510, 510 (Tex. Crim. App. 1904).  Graves’s remedy is a pretrial motion to set aside the charging instrument on speedy-trial
grounds.  See Tex. Code Crim.
Proc. Ann. art. 27.03 (Vernon 2006); Smith v. Gohmert, 962 S.W.2d
590, 592-93 (Tex. Crim. App. 1998) (orig. proceeding); Thomas v. Stevenson, 561
S.W.2d 845, 847 n.1 (Tex. Crim. App. 1978) (orig. proceeding); Pope v. Ferguson,
445 S.W.2d 950, 955-56 (Tex. 1969) (orig. proceeding); Ex parte
Garrison, 47 S.W.3d 105, 107 (Tex. App.—Waco 2001, pet. ref’d); State v.
Fisher, 198 S.W.3d 332, 336 (Tex. App.—Texarkana 2006, pet. ref’d).  

        Graves’s second issue is not
cognizable.[6]  We overrule Graves’s second issue.

        Conclusion.  Having overruled Graves’s issues, we affirm.  

TOM GRAY

Chief Justice

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

        (Justice Vance dissenting)

Affirmed

Opinion delivered and filed November 5, 2008

Publish

[CRPM]









                [1] No record evidence
before the habeas court supports Graves’s arguments.  Graves attached to his
petition deposition testimony recanting the trial testimony of one State’s
witness, deceased; and an affidavit concerning a witness, also deceased, who
Graves argues could impeach another State’s witness.  We have, nonetheless,
attempted to address Graves’s ground fully on its merits.





          [2] The Texas Constitution
provides, “No person, for the same offense, shall be twice put in jeopardy of
life or liberty, nor shall a person be again put upon trial for the same
offense, after a verdict of not guilty in a court of competent jurisdiction.”  Tex. Const. art. I, § 14.  “[T]he
proper” double-jeopardy “rule under the Texas Constitution is the rule
articulated by the United States Supreme Court in Oregon v. Kennedy.” 
Ex parte Lewis, 219 S.W.3d 335, 337 (Tex. Crim. App. 2007); see Oregon v. Kennedy, 456 U.S. 667 (1982); Stephens v. State, 806 S.W.2d 812, 814
(Tex. Crim. App. 1990); Stine v. State, 935 S.W.2d 443, 445 (Tex.
App.—Waco 1996, pet. ref’d); Ex parte Bennett, 245 S.W.3d 616, 618 (Tex.
App.—Fort Worth 2008, pet. ref’d, untimely filed).  Graves does not argue to
the contrary.





                [3] See
Wallach, 979 F.2d at 916-17 (2d Cir.); Robinson v. Wade, 686 F.2d
298, 306-308 (5th Cir. 1982) (orig. proceeding); Walls v. Hemingway, 27
Fed. App’x 553, 556 (6th Cir. 2001) (not recommended for full-text publication)
(orig. proceeding) (per curiam).





                [4] See Pool v. Superior
Court, 677 P.2d 261, 271-72 (Ariz. 1984) (orig. proceeding); State v.
Colton, 663 A.2d 339, 347 (Conn. 1995); State v. Rogan, 984 P.2d
1231, 1248-49 (Haw. 1999); Commonwealth v. Lam Hue To, 461 N.E.2d 776,
783-84 (Mass. 1984); Collier v. State, 747 P.2d 225, 226 (Nev. 1987); State
v. Marti, 784 A.2d 1193, 1196-97 (N.H. 2001); State v. Briet, 1996-NMSC-67,
¶¶ 32-34, 122 N.M. 655, 666, 930 P.2d 792, 803; State v. Kennedy, 666
P.2d 1316, 1329 (Or. 1983); Commonwealth v. Smith, 615 A.2d 321, 325
(Pa. 1992); State v. Lettice, 585 N.W.2d 171, 181 (Wis. App. 1998).





                [5] The
only “exception to this rule” is that “the Double Jeopardy Clause prohibits
retrial after a conviction has been reversed because of the” legal
“insufficiency of the evidence.”  DiFrancesco, 449 U.S. at 131
(citing Burks, 437 U.S. 1; Green v. Massey, 437 U.S. 19, 24
(1978) (orig. proceeding)); see Tibbs v. Florida, 457 U.S. 31, 41-42
(1982); Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006); Ex
parte Bauder, 974 S.W.2d 729, 734-35 (Tex. Crim. App. 1998), overruled
on other grounds, Lewis, 219 S.W.3d at 337, 371; Lytle v. State, 131
Tex. Crim. 27, 29, 95 S.W.2d 391, 392 (1936).





                [6] To
the extent that Graves’s second issue constitutes a general assertion of a
due-process violation, we have determined that the record before us does not
support the complaint.  On that record, we cannot say that Graves will not
receive a fair trial.