**DISMISS; and Opinion Filed January 14, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00005-CV

## IN RE SENRICK WILKERSON, Relator

**Original Proceeding from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F10-01183-J**

## MEMORANDUM OPINION
Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Lang-Miers

Relator files this motion seeking a writ of coram nobis and a writ of error. He complains of false imprisonment based on alleged inaccuracies in his Dallas county arrest records and purported procedural errors with relation to his arrests and convictions. The facts and issues are well known to the parties, so we need not recount them herein.

The Court's power to issue writs is statutorily defined. While the Court of Criminal Appeals has broad constitutional power to issue writs of habeas corpus, mandamus, procedendo, prohibition, and certiorari, this Court's statutory general writ power is limited to "writs necessary to enforce the jurisdiction of the court." Compare Tex. Const. art. V, § 5(c) (Court of Criminal Appeals writ power) with TEX. GOV'T CODE ANN. § 22.221(a) (West 2004) (court of appeals writ power). The Court does not have general power to issue other sorts of writs. *In re Yates*, 193 S.W.3d 151, 152 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *Shelvin v. Lykos*, 741 S.W.2d 178, 181 (Tex. App. —Houston [1st Dist.] 1987, no pet.). Relator does not allege any

threat to the court's jurisdiction in an existing appeal and, thus, his petition cannot be construed as seeking the issuance of a writ under Section 22.221(a) of the Government Code. TEX. GOV'T CODE ANN. § 22.221(a) (West 2004); *In re Ruston*, 05-06-01014-CV, 2006 WL 2294743 (Tex. App.—Dallas Aug. 10, 2006, orig. proceeding.).

Accordingly, any writ the relator seeks must be evaluated under the powers granted the Court under Sections 22.221 (b) and (d) of the Government Code. The Court is statutorily authorized to issue writs of (1) mandamus against judges of district or county courts and (2) habeas corpus in civil cases. TEX. GOV'T CODE ANN. §§ 22.221(b), 22.221(d) (West 2004). Neither of these statutory grants of writ authority permits the court to issue any sort of writ with respect to post-conviction complaints in criminal proceedings. Only the Texas Court of Criminal Appeals has jurisdiction in post-conviction criminal habeas corpus proceedings. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2013); *In re Curry*, 05-08-00064-CV, 2008 WL 311018, at *1 (Tex. App.—Dallas Feb. 5, 2008, no pet.) (mem. op.); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals." *In re McAfee*, 53 S.W.3d at 718. Similarly, the Court also lacks jurisdiction in mandamus proceedings arising from post-conviction habeas corpus proceedings. *In re Nickerson*, 05-13-01692-CV, 2013 WL 6596878, at *1 (Tex. App.—Dallas Dec. 16, 2013, orig. proceeding) (mem. op.); *In re Curry*, 2008 WL 311018, at *1 (Tex. App.—Dallas Feb. 5, 2008, orig. proceeding) (mem. op.). Thus, no matter how the Court construes the relief sought by relator, the Court lacks jurisdiction. Accordingly, we **DISMISS** relator's petition.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE