**Petition for Writ of Mandamus Dismissed, Petition for Writ of Prohibition Dismissed, and Memorandum Opinion filed May 25, 2021.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-21-00230-CR**

**NO. 14-21-00231-CR**

---

**IN RE MARCUS TYRONE GRANT, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**WRIT OF PROHIBITION**
**506th Judicial District Court**
**Waller County, Texas**
**Trial Court Cause No. 20-12-17503**

---

## MEMORANDUM OPINION

May 4, 2021, relator Marcus Tyrone Grant filed a petition for writ of mandamus and a petition for writ of prohibition in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52.

**PETITION FOR WRIT OF MANDAMUS**

In the petition, relator asks this court to compel the Honorable Gary W. Chaney, presiding judge of the 506th Judicial District Court of Waller County, to reinstate his bond. Relator is seeking habeas-corpus relief. The courts of appeals have no original habeas-corpus jurisdiction in criminal matters. *In re Ayers*, 515 S.W.3d 356, 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (citing Tex. Gov't Code Ann. § 22.221(d)). Original jurisdiction to grant an application for a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. Tex. Code Crim. Proc. Ann. art 11.05. Therefore, this court does not have original habeas-corpus jurisdiction to grant relator's requested relief.

**PETITION FOR WRIT OF PROHIBITION**

Relator also filed a petition for writ of prohibition to prevent Judge Chaney from committing relator to a mental hospital. A writ of prohibition is "a creature of limited purpose" that is appropriate only after an appellate court's jurisdiction has been invoked on independent grounds and then only in aid of that jurisdiction. *In re Munk*, 448 S.W.3d 687, 694 (Tex. App.—Eastland 2014, orig. proceeding). Appellate courts do not have general power to issue writs of prohibition. *In re Yates*, 193 S.W.3d 151, 152 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding). Thus, in the absence of actual jurisdiction of a related appeal, an appellate court does not have jurisdiction to issue a writ of prohibition requiring that a trial court refrain from performing a future act. *Munk*, 448 S.W.3d at 694; *Yates*, 193 S.W.3d at 152. Relator does not have a related appeal pending in this court. Therefore, we do not have jurisdiction to issue a writ of prohibition.

**CONCLUSION**

Relator's petition for writ of mandamus and petition for writ of prohibition are dismissed for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Zimmerer and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).

3