COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-104-CR

EX PARTE MICHAEL JOSEPH BENNETT 

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

OPINION

------------

I.  Introduction

Appellant Michael Joseph Bennett appeals the trial court’s denial of relief on his pre-conviction application for writ of habeas corpus.  In a single issue, Bennett argues that his retrial following a mistrial violates the state and federal constitutional protections against double jeopardy because the State elicited testimony from two witnesses that was intended to provoke him into moving for the mistrial.  We will affirm.

II.  Factual and Procedural Background

Bennett’s aggravated sexual assault trial began on January 8, 2007. During voir dire, Bennett’s counsel asked the venire panel whether any of them knew any of the witnesses who were likely to testify at trial, including Don and Diana Shipley.  Three venirepersons disclosed that they knew one or both of the Shipleys, but venireperson Albert remained silent.  Venireperson Albert was subsequently selected to serve on the jury, which was immediately sworn in. Don and Diana Shipley testified the next day.  After their testimony, Juror Albert notified the trial court that he knew the Shipleys.  Outside the presence of the jury, the trial court allowed each side to question Juror Albert as to whether he could set aside his relationship with the Shipleys and be a fair and impartial juror.  Although he affirmed that he could render a fair and impartial verdict based on the evidence, he also responded to a question posed by Bennett’s counsel that he “wouldn’t have any doubt that what they [the Shipleys] were saying was true.”  At the conclusion of the questioning, Bennett’s counsel moved to have Juror Albert struck from the jury.  The trial court overruled the challenge, and the trial continued.

A counselor and a psychologist subsequently testified for the State about their treatment of the complainant.  In response to the State’s questioning and over Bennett’s objection, both opined that the complainant had been truthful about the events constituting the alleged sexual assaults.  Before the State rested, however, it alerted the trial court that the counselor’s and psychologist’s testimony about the complainant’s veracity may not have been admissible and that a limiting instruction addressing this issue either read to the jury or included in the jury charge would “probably . . . be appropriate.”

At the charge conference, Bennett moved for a mistrial on two separate grounds.  He requested a mistrial because the trial court allowed Juror Albert to remain on the jury despite Juror Albert’s belated disclosure that he knew the Shipleys.  The trial court responded that it would “take that under advisement” and that it would be “decided tomorrow morning.”  Bennett also requested a mistrial because, according to him, the limiting instruction included in the jury charge regarding the inappropriate testimony elicited by the State about the complainant’s veracity would be insufficient to cure any possible harm.  The trial court clearly and unambiguously denied Bennett’s request for a mistrial on the second ground.  It stated as follows: 

THE COURT: On the second ground, as far as the Limine or the instruction, I overrule that part. . . . 

The trial court heard arguments from each side the next day on Bennett’s request for a mistrial due to Juror Albert sitting on the jury.  Bennett testified that he was not willing to proceed with the trial with only eleven jurors.  The trial court then struck Juror Albert from the jury and declared a mistrial.

Bennett filed his application for writ of habeas corpus seeking relief from double jeopardy and motion to dismiss the indictment based on the previous mistrial.  At the hearing on his writ of habeas corpus, Bennett testified that he would have continued on with the trial with only eleven jurors had the trial court struck Juror Albert from the jury when first requested to do so.  He reasoned that he was forced to request the mistrial because of the State’s questions inquiring into whether the counselor and psychologist thought the complainant was being truthful.  The trial court denied Bennet’s requested relief.  This appeal followed.

III.  Double Jeopardy Does Not Bar Bennett’s Retrial

Bennett argues that the protection against double jeopardy bars his retrial because the State’s questioning the counselor and psychologist about their opinions of the complainant’s truthfulness was “intended to provoke the defendant into moving for a mistrial.”

Habeas corpus is an extraordinary writ used to challenge the legality of one’s restraint.  
Tex. Code Crim. Proc. Ann.
 art. 11.01 (Vernon 2005).  In reviewing the trial court’s decision to grant or deny habeas relief, we review the evidence in the light most favorable to the trial court’s ruling.  
Ex Parte Masonheimer
, 220 S.W.3d 494, 507 (Tex. Crim. App. 2007).  Generally, we review a trial court’s decision under an abuse of discretion standard of review.  
Ex parte Wheeler
, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). 

The Double Jeopardy clause of the United States Constitution provides, “[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb.”  
U.S. Const
. amend. V.  The primary guarantee offered by this constitutional provision is protection against being subjected to successive prosecutions for the same criminal offense.  
Brown v. Ohio
, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977)
.  The Texas constitution states as follows: “No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction.”  
Tex. Const.
 Art. I, § 14.  Conceptually, the state and federal double jeopardy provisions are identical, and the Texas constitution does not afford any different or greater protections in this regard than does the Fifth Amendment.  
Stephens v. State
, 806 S.W.2d 812, 815 (Tex. Crim. App. 1990); 
Ex parte Gonzalez
, 147 S.W.3d 474, 479–80 (Tex. App.—San Antonio 2004, pet. ref’d).

When a trial court grants a defendant’s motion for mistrial, the double jeopardy clause is not violated unless the State’s conduct giving rise to the motion was “intended to goad” the defendant into moving for a mistrial.  
Oregon v. Kennedy
, 456 U.S. 667, 675–76, 102 S. Ct. 2083, 2089 (1982).  Under both the federal and state constitutions, retrial is barred only if the prosecutor intentionally caused a mistrial.  
Id
.
; 
Ex parte Lewis
, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007) (adopting 
Kennedy 
standard for determining when to grant double jeopardy relief under Texas constitution after a defense-requested mistrial and overruling 
Bauder v. State
, 921 S.W.2d 696 (Tex. Crim. App. 1996), which barred retrials under double jeopardy when the prosecutor was aware but consciously disregarded the risk that his conduct would require a mistrial at the defendant’s request); 
see also Masonheimer
, 220 S.W.3d at 507 (stating that appellee’s mistrial motions were necessitated primarily by the state’s intentional failure to disclose exculpatory evidence that was available prior to appellee’s first trial with the specific intent to avoid the possibility of an acquittal).

Here, the record is clear that Bennett requested a mistrial on the following two grounds: (1) Juror Albert remaining on the jury after his disclosure that he knew the Shipleys and (2) the alleged failure of the limiting instruction to cure any harm resulting from the experts’ testimony about the complainant’s truthfulness.  The trial court granted Bennett’s request for a mistrial on the first ground; it denied Bennett’s request for a mistrial on the second ground.  Regarding the first ground for mistrial, the trial court stated the following when Juror Albert first notified it of his oversight regarding his relationship with the Shipleys:

THE COURT: I need to see the lawyers at the bench please.  Let the record reflect we’re out of the presence of the Jury.  One of our jury members, Bobby Albert, has indicated that he — he knows the Shipleys, not well, but he knows them.  He didn’t realize that was the Shipley family that he knew, I think from First Baptist Church, when he was asked about it yesterday.  They’re — it was asked in terms of Henrietta.  He said I don’t know anybody in Henrietta, but apparently, he’s met them.  I’m going to — I’ve asked him to come back in so that you all can question him.  Okay? 

Each side then questioned Juror Albert about his ability to be a fair and impartial juror, and the trial court overruled Bennett’s request to strike Juror Albert from the jury.  Bennett’s counsel later stated the following when he requested a mistrial on the first ground:

[Bennett’s counsel]: As the Court’s aware, we had previously raised an issue regarding what we perceive to be problems with one of the jurors who came forward after testimony had begun stating that they knew the Shipleys who had testified and we had requested that he be struck.  And the Court refused that request at that time.

At this time, we would like to re-urge our objection to him being seated on there and ask that a mistrial be granted of this case as a result of that.

At a hearing the following morning on Bennett’s first ground for mistrial, the State argued that Juror Albert could be fair and impartial.  Bennett stated that he was unwilling to continue the trial with only eleven jurors.

The record thus demonstrates that Bennett requested a mistrial on the first ground because Juror Albert remained on the jury after he had disclosed to the trial court that he knew the Shipleys, which occurred after Juror Albert had failed to inform Bennet’s counsel at voir dire that he knew the Shipleys.  Consequently, double jeopardy does not bar Bennett’s retrial because his successful motion for a mistrial on the first ground was prompted by Juror Albert’s own oversight regarding his relationship with the Shipleys, not by any prosecutorial conduct intended to goad Bennett into requesting a mistrial.  
See Kennedy
, 456 U.S. at 675–76, 102 S. Ct. at 2089; 
Lewis
, 216 S.W.3d at 371.  Indeed, in the process of informing the jury that it was declaring a mistrial, the trial court explained that the mistrial had been granted “not through misconduct of any of the parties.”

Bennett attempts to tie the State’s allegedly inappropriate “intentional questioning” of the counselor and psychologist regarding their opinions of the complainant’s truthfulness, the basis of his denied ground for mistrial, to the successful ruling on his first ground for mistrial.  He states that he was unwilling to continue the trial with eleven jurors because the jury had become “so tainted by the improper testimony of the State’s witnesses.”  Consequently, he argues that, “[h]ad the improper testimony not been elicited by the State’s intentional questioning, Mr. Bennett would have been perfectly willing to continue with the eleven remaining jurors.”  Finding merit in Bennett’s argument, however, would force us to ignore the applicable standard of review, which we cannot do.  The evidence viewed in the light most favorable to the trial court’s ruling—that Bennett requested a mistrial on the first ground because Juror Albert remained on the jury after disclosing his oversight regarding his relationship with the Shipleys and not because of any prosecutorial misconduct—supports the trial court’s order denying Bennett’s requested relief.  
See Masonheimer
, 220 S.W.3d at 507.

We hold that the trial court did not abuse its discretion by concluding that Bennett’s retrial will not violate federal and state double jeopardy protections and by denying Bennett’s habeas relief.  Accordingly, we overrule Bennett’s sole issue.

IV.  Conclusion

Having overruled Bennett’s issue, we affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL F:  LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

PUBLISH

DELIVERED:  January 10, 2008