

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00073-CR

EX PARTE DIONNE COLLINS

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Dionne Collins appeals the trial court's denial of article 11.072 habeas corpus relief.[2]  Because the trial court did not clearly abuse its discretion, we affirm the trial court's denial of habeas corpus relief.

Appellant entered her written plea of guilty in open court, pursuant to a plea agreement, to the second-degree felony offense of sexual assault of a child under seventeen years of age.  The trial court accepted the plea, and, pursuant to the plea agreement, placed Appellant on deferred adjudication for seven

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005).

years. Appellant did not appeal. Subsequently, Appellant filed an application for writ of habeas corpus pursuant to article 11.072 of the code of criminal procedure,[3] contending that trial counsel failed to advise her of the elements of the offense of sexual assault of a child by causing her husband's penis to contact the female sexual organ of her daughter; that trial counsel failed to advise her that, in order to be guilty of the offense, she would have had to aid, assist, abet, encourage, solicit, or direct her husband to commit the offense; that counsel failed to explain to her how or why she was guilty of the offense; that counsel failed to advise her that she had a viable defense; that counsel failed to familiarize himself with the applicable law; and that counsel failed to investigate the case. She argued that her guilty plea should be set aside as involuntary because trial counsel provided ineffective assistance of counsel.

Habeas corpus is an extraordinary writ used to challenge the legality of one's restraint.[4] Absent a clear abuse of discretion, we must affirm the trial court's decision on whether to grant the relief requested in a habeas corpus application.[5] In reviewing the trial court's decision, we view the evidence in the light most favorable to the ruling and accord great deference to the trial court's

---

[3]*See id.*

[4]*Id.* art. 11.01; *Ex parte Bennett*, 245 S.W.3d 616, 618 (Tex. App.—Fort Worth 2008, pet. ref'd).

[5]*Ex parte Karlson*, 282 S.W.3d 118, 127 (Tex. App.—Fort Worth 2009, pet. ref'd); *Ex parte Bruce*, 112 S.W.3d 635, 639 (Tex. App.—Fort Worth 2003, pet. dism'd).

2

findings and conclusions, so long as the factual findings are supported by the record.[6]

No live hearing was held on Appellant's application for habeas relief, but the trial court considered evidence presented through affidavits. The complainant in the underlying case stated that she had told her mother, Appellant, that her stepfather was "messing" with her, but then she had told her mother that it was not true and that the father of her four aborted fetuses was not her stepfather. The complainant told Appellant that the complainant had been acting out and engaging in sexual activity with boys near her age and that they had fathered the fetuses. Appellant admitted that her daughter had told her what her stepfather was doing but that she did not believe her daughter. Appellant also admitted that she had taken her daughter into a medical facility for abortions. No one suggested that Appellant had forced or encouraged either her daughter or her husband to engage in the sexual activity.

Trial counsel provided a detailed affidavit that the trial court believed contained a true recitation of the facts and events leading up to the guilty plea. Trial counsel said, and the trial court found, that he investigated the case and was familiar with applicable law. He received discovery through the district attorney's open file policy. He met with Appellant and with the prosecutor and was trying to work out an agreement that Appellant would testify for the State in

---

[6]*Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006); *Karlson*, 282 S.W.3d at 127.

the husband's case and, by testifying, avoid prosecution altogether. Appellant told trial counsel that she knew nothing of the sexual assaults. After the husband's case went to trial without Appellant testifying, trial counsel arranged for Appellant to be polygraphed. Trial counsel was not allowed to be present during the pretest interview, but Appellant came out of the office distraught and unable to participate in the polygraph. Trial counsel also arranged for her to be examined by Dr. Raymond Finn, a psychologist. Dr. Finn said that Appellant might very well not have consciously admitted to herself that she knew of the assaults, and he also said that she showed classic signs of being the victim of spousal abuse.

Appellant and trial counsel agreed that she had paid him only $600. She complained that he did not meet with her often enough, but she did not explain what would have been accomplished by meeting more often. She went to his office once, and they met approximately once a month when she had court settings. Trial counsel asked the trial court to hold that Appellant was indigent and to allow her a free record of her husband's trial, a court-appointed investigator, and appointed counsel. The trial court agreed to do so but pointed out that trial counsel was not on the felony appointment wheel and could not be appointed to represent Appellant. Trial counsel agreed to continue to assist Appellant and appointed counsel pro bono so that Appellant could receive a free record and an appointed investigator. The State had offered to allow her to plead

4

guilty in exchange for seven years' deferred adjudication without being placed on the sex offender caseload. Trial counsel continued to prepare for trial.

Appellant, on the other hand, wanted him to guarantee the result of a jury trial. When trial counsel refused Appellant's request for guarantees, she told him that she did not want the record of her husband's trial, an investigator, or another lawyer. She said that trial counsel had told her that her daughter was going to testify against her. Her daughter filed an affidavit in which she admitted that she had told her mother contradictory stories about her pregnancies.

Trial counsel represented Appellant during the plea proceedings. Appellant was properly admonished in accordance with article 26.13 of the code of criminal procedure.[7] She acknowledged by signature that she fully understood the written plea admonishments; that she was aware of the consequences of her plea, that she was mentally competent; that her plea was "knowingly, freely, and voluntarily entered"; that she was "totally satisfied with the representation given to [her] by [her] attorney"; that her attorney had provided "fully effective and competent representation"; and that she had "read the indictment or information filed in this case and [she] committed each and every act alleged therein, except those acts waived by the State."

---

[7]*See* Tex. Code Crim. Proc. Ann. art. 26.13 (West Supp. 2010).

By his signature, trial counsel acknowledged that he had "fully reviewed and explained the above and foregoing court admonishments, rights, and waivers, as well as the following judicial confession" to Appellant.

Appellant had told trial counsel that her daughter never told her of the assaults, then she admitted that her daughter had told her of the assaults but that she did not believe her daughter, and then Appellant admitted that she had taken her daughter to her abortion appointments. Appellant also admitted to trial counsel that she knew her husband was the father of one of the aborted children. Trial counsel told Appellant that the knowledge weakened her case, and he discussed the elements of the case and the law of parties with Appellant.

Would the jury consider as evidence that Appellant was guilty as a party the facts that Appellant (1) left her daughter alone with the husband and took her daughter for abortions after her daughter had told her that the husband, (2) was "messing with [her]," and (3) knew that her husband was the father of one of the aborted fetuses? Would the jury consider the evidence insufficient in light of the fact that the daughter had told her mother different stories, Appellant was at work when the daughter was alone with the husband, and Appellant exhibited classic signs of spousal abuse? According to trial counsel, Appellant was not willing to take the risk, although trial counsel was preparing for trial, despite the fact that he had been paid a mere $600. Appellant called a halt to his efforts to prepare her case for trial because trial counsel could not guarantee the results.

The trial court found that Appellant failed to sustain her burden, and the record supports the trial court's determinations of fact and conclusions of law. The trial court also found that trial counsel properly investigated the facts of the case and properly advised Appellant under the law. He properly advised Appellant of the elements of the offense of sexual assault of a child and of the law of parties. Appellant failed to prove that trial counsel failed (1) to advise her of a viable defense, (2) properly to familiarize himself with the applicable law, or (3) properly to investigate the case.

When a defendant complains that her plea was involuntary because of ineffective assistance of counsel,

> the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial.[8]

A party fails to sustain her burden to prove ineffective assistance of counsel when she fails to establish the probability of a different result absent the alleged deficient conduct sufficient to undermine confidence in the outcome.[9]

The trial court held that Appellant had failed to sustain her burden to show either that her plea was involuntary or that trial counsel rendered ineffective

---

[8]*Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999) (citations omitted).

[9]*Washington v. State*, 771 S.W.2d 537, 545 (Tex. Crim. App.), *cert. denied*, 492 U.S. 912 (1989).

assistance of counsel. Because the record supports the trial court's determinations, we hold that the trial court did not clearly abuse its discretion. We therefore affirm the trial court's denial of habeas corpus relief.

PER CURIAM

PANEL: DAUPHINOT, J.; LIVINGSTON, C.J.; and GARDNER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 30, 2011