

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00085-CR

EX PARTE JUAN ANTONIO
RODRIGUEZ

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Juan Antonio Rodriguez appeals the trial court's denial of relief on a pretrial writ of habeas corpus, through which he sought to jeopardy-bar a retrial after his first trial ended in a mistrial granted on his own motion. We affirm.

Appellant was brought to trial on two counts of indecency with a child. After four of the State's witnesses, including the complainant, had testified, the

---

[1]*See* Tex. R. App. P. 47.4.

prosecutor asked the fifth witness, the investigating officer, about the progress of the investigation. Specifically, the prosecutor asked what had happened with the investigation after Appellant had been interviewed and the detective had gathered all the paperwork for her investigation. To this, the detective replied, "Well, I attempted to arrange a polygraph for the suspect." The trial court sustained Appellant's objection, instructed the jury to "disregard the last statement by th[e] witness" and, after specifically finding that there had been no prosecutorial misconduct, granted Appellant's motion for mistrial. On a pretrial writ of habeas corpus, Appellant sought to bar retrial, citing the *Bauder* line of cases.[2] After a hearing in which the trial court reiterated its previous finding that there had been no misconduct on the part of the State, the trial court denied relief.[3]

In reviewing the trial court's decision to grant or deny habeas relief, we review the evidence in the light most favorable to the trial court's ruling. *Ex Parte Masonheimer*, 220 S.W.3d 494, 507 (Tex. Crim. App. 2007); *Ex parte Bennett*, 245 S.W.3d 616, 618 (Tex. App.—Fort Worth 2008, pet. ref'd). Generally, a trial

---

[2]*Ex parte Bauder*, 974 S.W.2d 729 (Tex. Crim. App. 1998), *overruled by Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007)

[3]Specifically, the trial court stated its reasoning as follows:

[G]iven that the testimony is that the State had instructed the witness not to talk about the polygraph, that thus the State did not intend the result of their conduct or the resulting statement by the witness, which was to bring up the polygraph exam in the presence of the jury. And so the relief requested is denied.

court's decision denying habeas relief will be upheld absent an abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006).

The double jeopardy provisions of the federal and Texas constitutions protect a criminal defendant from repeated prosecutions for the same criminal offense. U.S. Const. amend. V; Tex. Const. Art. I, § 14; *Oregon v. Kennedy*, 456 U.S. 667, 671, 102 S. Ct. 2083, 2087 (1982); *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); *Bennett*, 245 S.W.3d at 618; *Stephens v. State*, 806 S.W.2d 812, 815 (Tex. Crim. App. 1990), *cert. denied*, 502 U.S. 929 (1991). These provisions afford a criminal defendant a "valued right to have his trial completed by a particular tribunal." *Kennedy*, 456 U.S. at 671–72, 102 S. Ct. at 2087; *Wade v. Hunter*, 336 U.S. 684, 689, 69 S. Ct. 834, 837 (1949). The provisions generally are not violated when a criminal defendant deliberately elects to "forgo his valued right to have his guilt or innocence determined before the first trier of fact" by voluntarily moving for and receiving a mistrial. *See Kennedy*, 456 U.S. at 676, 97 S. Ct. at 2089. There is a narrow exception to this general rule that occurs when the prosecution engages in conduct intended to "provoke" or "goad" the defendant into moving for a mistrial. *Id.*, 456 U.S. at 675–76, 679, 102 S. Ct. at 2089, 2091; *Lewis*, 219 S.W.3d at 371 (adopting *Kennedy* standard for determining when to grant double jeopardy relief under Texas constitution after a defense-requested mistrial and overruling *Bauder*, which barred retrials under double jeopardy when the prosecutor was aware of but consciously disregarded the risk that his conduct would require a mistrial at

3

the defendant's request); *see also Masonheimer*, 220 S.W.3d at 507 (stating that appellee's mistrial motions were necessitated primarily by the prosecution's intentional failure to disclose exculpatory evidence that was available prior to appellee's first trial with the specific intent to avoid the possibility of an acquittal).

Here, the trial court specifically found that the mistrial "was not based on prosecutorial misconduct." Having examined the record and after applying the proper standard set out in *Oregon v. Kennedy*, as adopted by the court of criminal appeals in *Lewis*, we hold that the trial court properly denied relief. At the writ hearing, the prosecutor testified that she and her co-counsel met with the investigating officer the Thursday before trial and during that meeting expressly instructed her not to talk about a polygraph during trial. Specifically, the prosecutor testified as follows:

> It was in the conversation as she [the detective] was conducting her investigation, it came up. She was talking about needing to get a Spanish speaking polygrapher, couldn't remember the name of the guy they used—usually used, and we just stopped her. I think it was actually [co-counsel] who stopped her and said it doesn't matter, you can't talk about it anyway. So it was one of those mutual conversations—it was the three of us in the room at that time, one of the mutual conversations we said, yeah, you know we can't talk about that, right. She says, oh, okay. She acknowledges that and we move on.
>
> . . . .
>
> We had warned her not to talk about it. What was in her mind at the time, I honestly can't answer. She told us later that she thought it was allowed, to talk about a polygraph but not the results. What we had told her in the pretrial meeting was, "You know we can't talk about it; we just can't talk about it. So what you're going

4

into, knowing this Spanish speaking polygrapher, it didn't matter because we can't talk about it," and she acknowledged that.

The prosecutor also testified that when she asked the detective at trial what she had done next in the investigation, she did not expect the answer to include mention of a polygraph. Moreover, she testified that at no point during her direct examination of the detective did she intend to provoke her to say something that would cause a mistrial. Further, she testified that the prosecution team felt "pretty good" about the case up to the point that the trial court granted a mistrial and that no one had hoped that it would end in a mistrial.

Under both the federal and state constitutions, retrial is barred only if the prosecutor intentionally caused a mistrial. *Kennedy*, 456 U.S. at 675–76, 102 S. Ct. at 2089; *Bennett*, 245 S.W.3d at 618–19; *Lewis*, 219 S.W.3d at 371. The record in this case supports the trial court's finding that the prosecution did not engage in misconduct. Thus, it supports the trial court's ruling denying a jeopardy bar based on prosecutorial misconduct. Accordingly, we affirm the trial court's order denying relief.

/s/ Anne Gardner

ANNE GARDNER
JUSTICE

PANEL: GARDNER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 22, 2014

5